T.C. Memo. 2002-24


UNITED STATES TAX COURT


MICHAEL GRAHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18341-99.                    Filed January 24, 2002.


<u>Andrew G. Shebay III</u> and <u>Robert B. Higgs</u>, for petitioner.

<u>Shelly T. Van Doran</u> and <u>Ronald B. Weinstock</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notice dated September 8, 1999, respondent determined deficiencies in, and a penalty relating to, petitioner's Federal excise taxes as follows:

|       | Deficiencies            |                    | Penalty        |
| Year  | Sec. 4941(a)(1)[1]      | Sec. 4941(b)(1)    | Sec. 6684      |
|-------|-------------------------|--------------------|----------------|
| 1993  | $ 9,894                 | --                 | --             |
| 1994  | 14,156                  | --                 | --             |
| 1995  | 17,531                  | --                 | --             |
| 1996  | 20,756                  | --                 | --             |
| 1997  | 23,981                  | --                 | --             |
| 1998  | 27,206                  | --                 | --             |
| 1999  | 30,431                  | $1,217,240         | $1,361,195     |

The issue for determination is whether petitioner was a substantial contributor who engaged in prohibited acts of self-dealing with the Irene Cafcalas Hofheinz Foundation (Foundation) during the years in issue.

FINDINGS OF FACT

Petitioner resided in Houston, Texas, when he filed his petition.

On December 1, 1989, Bluff Creek Corporation (Bluff Creek) was incorporated pursuant to Texas law. Petitioner's wife, Rosalind Graham, was the sole beneficial owner of Bluff Creek's stock until November 1992, when she became the sole shareholder. On December 8, 1989, Bluff Creek purchased a house (the residence) for $630,000. Petitioner and his wife lived in the residence from that date through 1998.

Beginning in mid-1992, petitioner developed a business relationship with Fred Hofheinz. Mr. Hofheinz was a businessman and attorney in Houston. Mr. Hofheinz was also the trustee of

_____

[1] All section references are to the Internal Revenue Code in effect for the years in issue.

the Foundation, which was created in 1983, out of the trust created by his mother's will. As of the end of 1992, the Foundation had received contributions and bequests of $2,371,589. Mr. Hofheinz participated in several of petitioner's business deals. Beginning in mid-1992, Mr. Hofheinz also made several unsecured personal loans to petitioner, totaling more than $1 million (i.e., ranging from $20,000 to $352,137).

On September 28, 1992, petitioner was indicted for Federal income tax evasion. After the indictment, petitioner needed $200,000 to pay his attorney. He sought, but Mr. Hofheinz was unwilling to extend, another unsecured personal loan to petitioner. Petitioner and Mr. Hofheinz, however, entered an oral purchase agreement (agreement) for the Foundation to purchase the residence. At Mr. Hofheinz's direction, the Foundation purchased the residence, which had a fair market value of $535,000. The agreement provided that in exchange for the residence petitioner: (1) Would receive $250,000 to pay his criminal attorney and other debts; (2) could later ask for, and receive, an additional $135,000; and (3) could continue to live in the residence rent-free for 3 years. Petitioner was responsible for payment of taxes and insurance on the residence, but he failed to pay the 1993 property taxes.

Mr. Hofheinz believed that purchasing the residence was a good deal for the Foundation and that the purchase price was far

enough below its $630,000 tax assessment value that it would allow the Foundation a substantial profit.

In 1992, petitioner entered into a plea bargain relating to the Federal income tax evasion indictment. The plea bargain required him to pay fines and back taxes of $135,000. Pursuant to the purchase agreement, on June 3, 1993, Mr. Hofheinz transferred to petitioner an additional $135,000 of Foundation funds.

Petitioner and Mr. Hofheinz's relationship deteriorated in 1995. In 1996, after Mr. Hofheinz began proceedings to evict them from the residence, Mrs. Graham filed a bankruptcy petition. In the bankruptcy proceeding, Mrs. Graham contended that the sale was invalid because petitioner had no interest in the residence owned by Bluff Creek and, therefore, could not sell it.

Although a backdated document (i.e., signed by Mr. Hofheinz and petitioner sometime after June 3, 1993) stated that the $135,000 payment was for the Grahams' furniture, the furniture remained in their possession. During Mrs. Graham's bankruptcy proceeding, the Foundation did not file a claim relating to the furniture, and Mr. Hofheinz testified that the additional $135,000 was consideration provided to the Grahams in exchange for the residence. The bankruptcy court concluded that the 1992 transaction was a sale of the residence to the Foundation but did not determine what constituted the consideration exchanged for

the residence.  Mrs. Graham appealed the ruling.  On November 16, 2000, in an unpublished opinion, the Court of Appeals for the Fifth Circuit affirmed the bankruptcy court's decision.

Respondent determined that petitioner sold the property at a "bargain" price, resulting in a contribution to the Foundation sufficient to make petitioner a substantial contributor. Consequently, respondent determined deficiencies pursuant to section 4941 and a section 6684 penalty, as set forth earlier.

OPINION

Section 4941(a)(1) imposes an excise tax on acts of self-dealing between a private foundation and a disqualified person. Section 4941(b)(1) imposes a second-tier tax on an act of self-dealing that is not corrected within the taxable period.  Self-dealing transactions include sale and leases of property and loans between a disqualified person and a private foundation, as well as transfers of a foundation's assets to a disqualified person.  Sec. 4941(d)(1).

Disqualified persons include substantial contributors to a foundation, as defined in section 507(d)(2).  Sec. 4946(a)(1)(A), (2).  A substantial contributor is a person who, in the aggregate, contributed "more than $5,000 to the private foundation, if such amount is more than 2 percent of the total contributions * * * received by the foundation before the close of the taxable year of the foundation in which the contribution

* * * is received by the foundation from such person." Sec. 507(d)(2)(A); Dupont v. Commissioner, 74 T.C. 498, 502 (1980). Contributions are valued at their fair market value when received by the foundation. Sec. 507(d)(2)(B)(i); sec. 1.507-6(c)(2), Income Tax Regs.

Respondent contends that the sale was completed on November 10, 1992, for $250,000; the difference between the fair market value of the residence and the consideration petitioner received for such residence was a contribution to the Foundation; and, as a result, petitioner is a substantial contributor to the Foundation, liable for first- and second-tier excise taxes pursuant to section 4941. Petitioner contends that he lacked donative intent and, thus, was not a substantial contributor. Petitioner further contends that the consideration for the sale included the initial $250,000, the subsequent payment of $135,000, and 3 years of rent-free occupation of the residence.

We agree with the bankruptcy court and respondent that the sale was completed on November 10, 1992, when the residence was transferred to the Foundation. We, however, agree with petitioner that the consideration for the sale included the initial payment made on November 10, 1992, the subsequent payment made on June 3, 1993, and the 3-year period of rent-free occupation of the residence.

On November 10, 1992, petitioner sold the residence to the Foundation. The Foundation gave petitioner $250,000, and petitioner and his wife continued to live in the residence, rent-free for 3 years. On June 3, 1993, the Foundation transferred an additional $135,000 to petitioner. Respondent's expert testified that on November 10, 1992, the present value of 3 years of rent was $111,371,[2] and the present value of the additional $135,000 payment was $131,905. Thus, according to the uncontradicted testimony of respondent's expert, on November 10, 1992, the fair market value of the residence was $535,000 and the present value of the $250,000 payment, the $135,000 payment, and the rent-free occupation of the residence was $493,276.

Petitioner may be a substantial contributor only if the transfer to the Foundation exceeds $47,432, which is 2 percent of the total contributions received by the Foundation at or before the end of 1992 (i.e., $2,371,589). Sec. 507(d)(2)(A). Petitioner's net transfer of $41,724 (i.e., the difference between the $535,000 fair market value of the residence and the $493,276 consideration received from the Foundation) was insufficient to make him a substantial contributor to the Foundation. At trial, respondent conceded that petitioner would not be a substantial contributor if the Court found that the

---

[2] The present value was adjusted to take into account the value of the tenants' payment of property taxes and insurance.

consideration exchanged for the residence included the $250,000 and $135,000 payments and 3 years of rent-free occupancy of the residence. Thus, we need not determine whether petitioner's transfer of the residence to the Foundation was a contribution, or whether petitioner had donative intent relating to such transaction. Accordingly, petitioner is not liable for any excise tax pursuant to section 4941(a)(1) or (b)(1).

Section 6684 imposes a penalty on a person who becomes liable for a chapter 42 excise tax (i.e., such as those imposed by section 4941) where the act or omission was not due to reasonable cause and the person had been previously liable. The penalty is also imposed when the act or omission was both willful and flagrant. Because petitioner is not liable for tax pursuant to chapter 42, petitioner is not liable for this penalty.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.